# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CERES ENVIRONMENTAL SERVICES, )
INC., )
        )
    Plaintiff, )
        )
v. ) CIVIL ACTION 09-0642-WS-B
        )
COLONEL MCCRARY TRUCKING, )
LLC, )
        )
    Defendant. )

## ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. (Docs. 22, 26). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 23-24, 27-28, 30, 33-35), and the motions are ripe for resolution. After carefully considering the foregoing, the Court concludes that both motions are due to be denied.

## BACKGROUND

The defendant ("McCrary") was under contract ("the Subcontract") to the plaintiff ("Ceres") to provide debris removal services following Hurricane Katrina. Ceres terminated the contract on June 27, 2007. On July 11, 2007, a McCrary driver ("Johnson") was involved in a serious traffic accident. The injured parties sued McCrary, Ceres and others in Alabama state court ("the Suit"). McCrary and Ceres eventually entered pro tanto settlements in the Suit.

Ceres filed a cross-claim against McCrary in the state action, seeking defense and indemnity. The cross-claim relies on both contractual indemnity and McCrary's liability

[1]

insurance policy. Upon obtaining a severance of the cross-claim, McCrary timely removed.

## DISCUSSION

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court's review is limited to those legal arguments the parties have expressly advanced.

The Subcontract provides in pertinent part as follows:

> To the fullest extent permitted by law, [McCrary] agrees to save harmless, indemnify and defend [Ceres] … from any and all claims, losses, penalties, demands, judgments, and costs of suit, including legal fees and litigation expenses of any kind, … incurred by [Ceres] …, arising out of or in any way relating to the Contract Documents or performance of the Work.

(Doc. 24, Exhibit B at 6). The Contract Documents include both the contract between Ceres and the government ("the Government Contract") and the Subcontract. (*Id*. at 3). The Work includes the debris removal, dumpsite management and debris reduction work specified in these contracts and associated documents. (*Id*. at 1).

The Subcontract is governed by Louisiana law. (Doc. 24, Exhibit B at 11). "When the words of a contract are clear, unambiguous, and lead to no absurd consequences, the contract is interpreted by the court as a matter of law." *Carter v. BRMAP*, 594 So. 2d 1184, 1188 (La. App. 1st Cir. 1991) (emphasis omitted). This rule applies as well to contracts of indemnity. *Abbott v. Equity Group, Inc*., 2 F.3d 613, 626 (5th Cir. 1993). The parties suggest no ambiguity in the indemnity provision, and the Court finds none. The question is whether the Suit comes within the provision.

McCrary argues the indemnity provision is not triggered because Ceres terminated the Subcontract on June 27, 2007, two weeks before the accident made the basis of the Suit. The Subcontract provides that, post-termination, "in the sole discretion of [Ceres], [McCrary] may be required to continue in the mutual performance of all work in progress as of the effective date of termination." (Doc. 24, Exhibit B at 3). Thus, the mere fact of

termination of the Subcontract on June 27 does not establish that on July 11 McCrary was performing no work related to the Subcontract. Ceres, however, agrees that no work was performed related to the Subcontract after June 27. (Doc. 24, Exhibit G, ¶¶ 7-8, 15-16).

McCrary assumes this is the end of the matter, but it is not. As noted, the indemnity provision extends to any claims or demands in any way related to the Subcontract, the Government Contract, or the debris removal and related work described in these and related documents. The claims and demands are those set forth in the Suit. The third amended complaint asserts five counts against Ceres. (Doc. 27, Exhibit A).

Count One alleges, inter alia, that Ceres and others "had a non-delegable duty to ensure that each person working for them met the safety standards set forth in the contracts between the defendants, including the contracts with the Corps of Engineers." (Doc. 27, Exhibit A at 3, ¶ 94). The latter contract imposed on Ceres a duty to perform drug testing, which was not done as to Johnson, which failure breached this duty. It also effectively required background checks, which were not performed as to Johnson. Because it is alleged that these duties were non-delegable, it does not matter that Johnson was technically employed by McCrary rather than by Ceres. Because the duties made the basis of Count One are found in the Government Contract, this claim is related to the Contract Documents and is thus covered by the indemnity provision.

Count Two alleges, inter alia, that Ceres negligently or wantonly hired Johnson without conducting an appropriate background check or drug testing and thereafter allowed him to drive vehicles on the job, in violation of the Government Contract. (Doc. 27, Exhibit A at 7-8, ¶ 97). The conduct for which Ceres is sought to be held liable is conduct that Ceres engaged in during the life of the Subcontract. This claim relates to the Contract Documents (both the Subcontract and the Government Contract) and the Work, and it is thus covered by the indemnity provision.

Count Three alleges, inter alia, that Ceres negligently or wantonly trained Johnson at the time of his hiring and thereafter, which violated the Government Contract. (Doc. 27, Exhibit A at 9-10, ¶ 101). As with Count Two, the conduct for which Ceres is sought

to be held liable is conduct that Ceres engaged in during the life of the Subcontract, and this claim as well relates to both the Contract Documents and the Work.

Count Four alleges, inter alia, that Ceres negligently or wantonly supervised Johnson, in violation of the Government Contract. Again, the conduct for which Ceres is sought to be held liable is conduct that Ceres engaged in during the life of the Subcontract, and the claim relates to both the Contract Documents and the Work.

Count Five alleges, inter alia, that Ceres negligently or wantonly entrusted a vehicle to Johnson on July 11 "and prior to this date," in violation of the Government Contract. (Doc. 27, Exhibit A at 12-13, ¶ 105). Once again, the conduct for which Ceres is sought to be held liable is conduct that Ceres engaged in during the life of the Subcontract, and the claim relates to both the Contract Documents and the Work.

In conclusion, all five counts of the Suit unambiguously trigger the indemnity provision. McCrary is thus potentially required to indemnify Ceres with respect to its settlement and litigation costs incurred in the Suit.

Ceres in its cross-motion assumes that it is automatically entitled to indemnity once it shows that the indemnity provision is triggered. Louisiana law, however, imposes additional requirements on one seeking to enforce a contractual indemnity provision. These appear to include at least the following: (1) that Ceres was potentially liable in the Suit; (2) that Ceres did not fail to assert in the Suit an available defense that "would have defeated the action"; and (3) that the settlement amount was reasonable. *Vaughn v. Franklin*, 785 So. 2d 79, 87 (La. App. 1st Cir. 2001); *Morris v. Schlumberger, Ltd.*, 445 So. 2d 1242, 1246 (La. App. 3rd Cir. 1984); *Jones v. Wright*, 285 So. 2d 195, 198 (La. App. 4th Cir. 1972).[1]

---

[1] McCrary asserts each of these as elements. (Doc. 30 at 4). Ceres acknowledges the applicability of the first, (Doc. 35 at 3), assumes the applicability of the second, (*id*. at 6-7), and is silent as to the third. For present purposes, the Court accepts McCrary's listing.

While the parties focus on what Ceres did or did not do in connection with the first two requirements, neither addresses when an indemnitee has "potential liability," an "available defense," or a defense that "would have defeated the action" within the meaning of Louisiana law, either generally or in the context of the circumstances presented here. The Court will not endeavor to supply the deficiency in the parties' briefing.

Moreover, neither party could be entitled to summary judgment as to these issues due to the tardy manner in which they raised them. Both parties moved for summary judgment based exclusively on whether the indemnity provision was triggered; neither party's motion or principal brief alluded in any manner to these additional issues. McCrary first mentioned these requirements for indemnity in its brief in opposition to Ceres' motion for summary judgment, repeating them in its reply brief, and Ceres first mentioned them in its reply brief. District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[2] The parties offer no reason the Court should depart from that rule in this case, and it declines to do so.[3]

Rule 56(d) allows the Court, in the course of denying summary judgment, to establish matters that will govern trial. In this case, it is established for trial that the indemnity provision is triggered by the Suit.

---

[2] *See Park City Water Authority v. North Fork Apartments, L .P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

[3] Nor does either party address Ceres' complaint to the extent it seeks defense and indemnity based on an insurance policy.

## CONCLUSION

For the reasons set forth above, the parties' cross-motions for summary judgment are **denied**.

DONE and ORDERED this 2nd day of September, 2010.

<u>s/ WILLIAM H. STEELE</u>
CHIEF UNITED STATES DISTRICT JUDGE