IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CERES ENVIRONMENTAL SERVICES, )
INC.,                          )
                               )
     Plaintiff,                )
                               )
v.                             )   CIVIL ACTION 09-0642-WS-B
                               )
COLONEL MCCRARY TRUCKING,      )
LLC,                           )
                               )
     Defendant.                )

**ORDER**

This matter is before the Court on the parties' joint motion to continue the trial of this action from November 2010 until at least February 2011. (Doc. 42). The grounds of the motion are that substitute defense counsel, who appeared on July 21, requires additional time to prepare for trial.

The trial date was set by the Rule 16(b) scheduling order. (Doc. 18 at 1). Such "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes). Neglect is fundamentally inconsistent with good cause. *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service."). The record reveals no basis for continuance other than neglect, which is legally inadequate.

The motion discloses that the parties did not prepare this case in a timely manner. This is shown by three statements in the brief motion. First, "the existence of new

documentation has recently been discovered." (Doc. 42, ¶ 3). Second, the plaintiff is still "producing documentation and otherwise ensuring that Defendant's files are complete." (*Id*., ¶ 4). Third, the plaintiff apparently did not adequately prepare, either, since the motion represents, without explanation, that the plaintiff "will be highly prejudiced if this motion is not granted." (*Id*., ¶ 5).

The record discloses that the crossclaim forming the basis of the plaintiff's action was filed in state court in September 2008. (Doc. 1, Exhibit B). The parties contested the crossclaim in state court, since the defendant moved to dismiss and/or for summary judgment in October 2008. (Doc. 7, Exhibit 2).

Removal of the severed crossclaim was accomplished in September 2009. (Doc. 1). The same month, the plaintiff resolved the underlying lawsuit against it, (Doc. 17 at 3), ripening its indemnity claim against the defendant. In November 2009, the parties represented to the Magistrate Judge that the action would be ready for trial in September 2010, with all discovery accomplished by June 4, 2010. (*Id*. at 5). The Magistrate Judge gave the parties until May 28 to complete discovery and pushed off trial to November. (Doc. 18 at 1). The parties never requested an extension of discovery, filed a motion to compel, or otherwise involved her in discovery.

The record, in short, reveals that the parties have known of this claim for over two years, have litigated it for almost as long, and have had an entire year after removal to prepare the case for trial – a full two months longer than they requested. Their failure to do so cannot be categorized as anything other than neglect, and neglect does not furnish the good cause required for a continuance.

If there were problems with discovery, the parties had the options of seeking an extension of time or involving the Magistrate Judge (before May 29) in resolving disputes. Having pursued neither option, they are left to work out these issues on their own as best they can, and any inconvenience, disadvantage or incompleteness of presentation that their previous lack of preparation places on them does not supply good cause for a continuance.

The Court recognizes that present counsel appeared on July 21 and that a period of familiarization with the case is required. However, the Court also recognizes that the period from July 21 to October 12 (the date of the final pretrial conference) is 12 weeks, and no reason has been given why this is not an adequate time to accomplish this task.[1] Indeed, counsel apparently has had even more time.[2] That present counsel may also be simultaneously attempting to compensate for under-preparation by his predecessor is not grounds for a continuance. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 397 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys."); *accord Downs v. McNeil*, 520 F.3d 1311, 1320 (11th Cir. 2008).

Finally, the Court notes that it has over 20 civil cases scheduled for trial in February 2011, and it declines to add another to the list simply to rescue the parties from the consequences of their failure to prepare for a trial that has been set for almost a year. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them.").

A court has broad discretion whether to grant a motion for continuance, and it does not abuse that discretion unless a denial of the motion would "severely prejudice" a party. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005). The factors to be considered in determining whether this standard is met are:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need

---

[1] No doubt the "material is voluminous," (Doc. 42, ¶ 3), but it is the rare file that cannot be perused in three months.

[2] The Court notes that former counsel's motion to withdraw, which identified current counsel as substitute counsel, was filed July 13. (Doc. 37). Regardless of the date of current counsel's actual appearance, he had agreed to represent the defendant no later than July 13. It is also likely, though not necessarily so, that current counsel reviewed the file before agreeing to accept representation.

> for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Id*. The first and third factors clearly weigh against a continuance, as discussed above.

While the defendant asserts the parties will be "highly prejudiced" without a continuance, (Doc. 42, ¶ 5), and while it seems clear they have not engaged in all the preparation they desire, they have not shown that the result of their incomplete preparation is that they will "suffe[r] harm." Whatever prejudice they may experience due to their failure to prepare for trial cannot be severe or undue without a showing that the lack of a continuance eliminates their ability to present critical evidence. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (the plaintiffs' inability to present a key witness absent a continuance did not demonstrate undue prejudice justifying a continuance when they anticipated calling two other witnesses to present similar testimony).

Here, the defendant has identified no hole in its case – or the plaintiff's – that cannot be filled absent a continuance, much less a critical one. Thus, the fourth factor does not favor a continuance. When, as here, only the second factor is met, a court does not abuse its discretion by denying a motion for continuance. *Rink*, 400 F.3d at 1296-97. On the contrary, the circumstances of this case cry out for denial.

For the reasons set forth above, the joint motion to continue is **denied**.

DONE and ORDERED this 1st day of October, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE